JUSTICE COTTER
dissents.
¶31 I dissent. Contrary to the decision reached by this Court as to Issue Two, I would conclude that the conscionability of the arbitration rider was sufficiently presented to and aired by the District Court so as to permit our consideration of the question of whether the arbitration clause was unconscionable. I would reach that issue on the merits, and reverse the District Court’s Order compelling arbitration. ¶32 As the Court points out at ¶ 10, we review a district court’s order granting a motion to compel arbitration de novo. This means, presumably, that we review the entirety of the District Court’s Order. In concluding that the Plaintiffs did not sufficiently preserve for our review the issue of the arbitration clause’s unconscionability, the Court ignores, or at the least misconstrues, much of the District Court’s analysis. While the District Court did refer to “the plaintiffs main argument” in its Order Granting Defendants’ Motion to Compel Arbitration, the court preceded this reference with the following two sentences:
The plaintiffs state that a written arbitration [sic] cannot be compelled unless there is a valid and enforceable contractual agreement to arbitrate. 9 U.S.C. § 2. They point out that generally applicable contract defenses such as fraud, duress, and unconscionability may be applied to invalidate arbitration agreements without contravening § 2 of the FAA.
Then, after citing the Plaintiffs’ “main argument,” the court went on to say that “[t]he plaintiffs argue that -under Kloss and Iwen (citations omitted), the arbitration rider is unenforceable at law and, therefore, the Court may not grant the defendants’ motion to compel.”
*103 ¶33 Against the foregoing backdrop, the District Court went on to address what it saw as the distinctions between this case on the one hand, and Kloss and Iwen on the other. The court concluded that the arbitration clause here did not take advantage of any party, nor did it place either party in a superior bargaining position. Based upon this analysis and the fact that the Plaintiffs signed an arbitration rider of which they were personally aware, the court granted the Defendant’s motion to compel arbitration.
¶34 When we review a matter de novo, our task is to review the correctness of the district court’s decision. Cole v. Valley Ice Garden, L.L.C., 2005 MT 115, ¶¶ 3-4, 327 Mont. 99, ¶¶ 3-4, 113 P.3d 275, ¶¶ 3-4. While we generally refuse to consider on appeal matters that are not properly raised by the parties’ pleadings, we usually do address those matters which the district court considered in entering its decision. Here, the District Corut obviously entertained arguments regarding the conscionability of the arbitration rider and factored those arguments into its decision that the arbitration clause did not take unfair advantage of the Plaintiffs or place Beneficial in a superior bargaining position. The District Court concluded there was an enforceable conscionable agreement to arbitrate. It is the correctness of this conclusion, supported by the District Court’s attempt to distinguish this case from Kloss and Iwen, that we should be reviewing here. Instead, the Court concludes that the determination at the heart of the District Court’s Order compelling arbitration was not preserved for appeal. I am at a loss to understand why we should refuse to reach the very issues the District Court considered dispositive in concluding that the arbitration order was conscionable.
¶35 I would address the court’s resolution of the question of whether the arbitration rider was enforceable. Because, as this Court concedes at ¶ 21, the conscionability of an arbitration clause is a matter to be adjudicated by a court, I would not consider Buckeye Check Cashing. I would squarely reject the District Court’s logic and legal analysis relative to the enforceability of the arbitration rider, and reverse the court’s order compelling arbitration. I dissent from our refusal to do so.
JUSTICE MORRIS joins in the dissent of JUSTICE COTTER.